IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLA G. MATTSON AND JAMES E. MATTSON TRUST, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION 23-0474-WS-MU<br>) |
| RAHMEEN FARUDI, et al., | )<br>) |
| Defendants. | ) |

ORDER

The defendants recently removed this action on the basis of diversity. (Doc. 1). The plaintiff has moved to remand the action, on the grounds that the resident defendant ("Fruitdale Pellets") was not, as the removing defendants assert, fraudulently joined. (Doc. 9).[1]

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). As applicable here, the removing defendant must show "by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the

---

[1] "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The defendants' thorough treatment of their citizenship and of the amount in controversy, (Doc. 1), satisfies the Court that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that all defendants save Fruitdale Pellets are of diverse citizenship from the plaintiff.

resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (internal quotes omitted). The possibility "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (internal quotes omitted). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

The complaint, (Doc. 1-2 at 10-15), alleges that the plaintiff owned improved real property ("the Property") that it leased to the other non-corporate defendants ("Farudi," "Taruma," and "Taruma Fruitdale," collectively, "the Farudi defendants").[2] Pursuant to the lease, the Farudi defendants insured the Property with the corporate defendant ("Nationwide").[3] When the Property was heavily damaged by storm, the Farudi defendants submitted a claim to Nationwide, which honored the claim. Even though the policy required Nationwide to remit proceeds only to the plaintiff, Nationwide instead remitted payments to the Farudi defendants. The Farudi defendants made inadequate repairs and pocketed the vast majority of the insurance proceeds.

The only factual allegations regarding Fruitdale Pellets are: (1) that it "may claim some interest to the Subject Property and would benefit from the insurance proceeds" at issue; (2) that the lease at some point "was subsequently assigned to Fruitdale Pellets"; (3) that Nationwide had an obligation to make payment only to the plaintiff in order "to protect Mattson's rights and those of Fruitdale Pellets"; and (4) that "the insurance proceeds being diverted to [the Farudi defendants] and Fruitdale Pellets have caused

---

[2] It appears that the lease identifies Taruma as the lessee but that Taruma assigned its rights under the lease to Taruma Fruitdale. The complaint alleges that both entities are Farudi's alter egos.

[3] The defendants assert that the correct name of this defendant is Scottsdale Insurance Company. (Doc. 1 at 1). The complaint, until and unless amended, governs the naming of the parties.

Mattson to incur substantial financial detriment, and in turn damaged Fruitdale Pellets." (Doc. 1-2 at 11-12).

The complaint asserts six causes of action, carefully identifying the defendants under each claim. The only claim asserted against Fruitdale Pellets, under Count IV, is for negligence/wantonness. The Farudi defendants are also defendants under this claim. After adopting the complaint's preceding allegations, Count IV alleges that the Farudi defendants (but not Fruitdale Pellets) "owed a duty" to the plaintiff to see that the claim filed with Nationwide was proper and that the Farudi defendants (but not Fruitdale Pellets) "had a duty" to see that the plaintiff was compensated for damage to the Property or that all insurance proceeds were spent on restoration of the Property. Count IV alleges that the Farudi defendants (but not Fruitdale Pellets) "breached that duty," by "causing the insurance proceeds to be paid to [the Farudi defendants] and Fruitdale Pellets." The *ad damnum* clause then demands damages "from [the Farudi defendants] and Fruitdale Pellets." (Doc. 1-2 at 14).

The defendants in their notice of removal devote ten pages to demonstrating that Fruitdale Pellets was fraudulently joined. (Doc. 1 at 16-25). They make several related arguments, but one is dispositive. The only claims against Fruitdale Pellets are for negligence and wantonness, and essential elements of such claims under Alabama law are the existence of a duty and the breach of such duty.[4] The complaint, however, fails to allege that Fruitdale Pellets owed the plaintiff any duty or that it breached any such duty; on the contrary, the complaint explicitly limits the existence and breach of duty to the Farudi defendants. As per *Stillwell*, there is no "possibility that a state court would find that [a] complaint" alleging neither the existence of a duty nor the breach of a duty "states a cause of action" for negligence or wantonness. *Id*. at 1333. Fruitdale Pellets was thus fraudulently joined under governing principles.

---

[4] *E.g., Perry v. Hancock Fabrics, Inc.*, 541 So. 2d 521, 522 (Ala. 1989) ("[D]uty and breach of duty (initial legal liability) are essential elements of causes of action for negligence and wantonness.").

The plaintiff insists that the complaint alleges that Fruitdale Pellets owed and breached a duty to remit insurance proceeds to the plaintiff.  (Doc. 9 at 5).  As addressed above, the complaint alleges no such thing and, on the contrary, pointedly excludes Fruitdale Pellets from the list of defendants owing and breaching a duty to the plaintiff.

The plaintiff argues that it requires discovery to determine when Fruitdale Pellets took possession of the Property,[5] whether the Farudi defendants have an interest in Fruitdale Pellets, and whether Fruitdale Pellets in fact received any insurance proceeds.  (Doc. 9 at 4-5).  The results of such discovery may or may not enable the plaintiff, someday, to state a cause of action against Fruitdale Pellets, but that possibility cannot alter the reality that the complaint as it existed at the time of removal does not state any cause of action against Fruitdale Pellets and that there is no possibility an Alabama court would rule otherwise.

For the reasons set forth above, the plaintiff's motion to remand is **denied**.

DONE and ORDERED this 18th day of January, 2024.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE

---

[5] According to the plaintiff itself, this occurred in October 2022, almost 18 months after the final insurance payout.  (Doc. 9 at 3-4).